UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES FREEMAN** | * | **CIVIL ACTION NO.  2:12-CV-1433** |
| **FED. REG. #23560-034** | * | |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| | * | |
| **JOE P. YOUNG** | * | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by James Freeman.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), and he is currently incarcerated at the Federal Corrections Institute in Oakdale, Louisiana (FCIO).

Petitioner alleges that the sentence imposed by the United States District Court for the Eastern District of Louisiana is unconstitutional as his counsel was ineffective in failing "to object to the prosecution's improper use of § 851 prior crack conviction as similar for purpose of enhancement." Doc. 1, p. 4.  He further contends that the court abused its discretion by failing to consider § 3553(a)(6).  Doc. 1, p. 4.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be dismissed with prejudice.

*Statement of the Case*

Petitioner was charged in a two count indictment.  Count 1 charged him with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  Count 2 charged him

-1-

with possession with the intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Freeman pled guilty as charged to both counts of the indictment pursuant to a written plea agreement. As part of the plea agreement Freeman also admitted that he had a prior felony drug conviction pursuant to 21 U.S.C. § 851. Furthermore Freeman signed a detailed five page "factual basis" which outlined the government's case against him and his wife, Pamela Freeman. Freeman was sentenced to serve 240 months as to the first count and 120 months as to the second count, the sentences to run concurrently. *USA v. Freeman*, 2:05-cr-29 (E.D. La.), ECF Docs. 1, 12, 13, 19.

Freeman filed a motion pursuant to 28 U.S.C. § 2255 on June 29, 2007, alleging his counsel had been ineffective. The court denied the motion as untimely and similarly denied petitioner a certificate of appealability. The Fifth Circuit denied same on August 6, 2009. *USA v. Freeman*, 2:05-cr-29 (E.D. La.), ECF Docs. 32, 36.

On August 26, 2009, Freeman filed a petition for a writ of *coram nobis*, which the district court construed as a motion for certification to file a second and successive section 2255 petition. The motion was transferred to the Fifth Circuit which subsequently instructed to file documentation in support of his motion. Freeman failed to comply with the Fifth Circuit's order, resulting in the denial of his motion to for authorization to file a successive section 2255 petition. *USA v. Freeman*, 2:05-cr-29 (E.D. La.), ECF Docs. 38, 39, 41.

Petitioner then filed a motion for retroactive application of sentencing guidelines to crack cocaine offense which the district court denied on June 4, 2010. Petitioner appealed the denial, and the Fifth Circuit affirmed. The Supreme Court denied petitioner's application for writ of certiorari. *USA v. Freeman*, 2:05-cr-29 (E.D. La.), ECF Docs. 44-47, 61, 63.

*Law and Analysis*

Petitioner styles this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition attacks the legality of his incarceration arguing sentencing error and ineffective assistance of counsel. Since petitioner contests errors occurring at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim is based was foreclosed by circuit law at the time when the claim should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and he has failed to

show that his present claims were foreclosed by circuit law at any time. Therefore, this court lacks jurisdiction to entertain the petition.

### *Recommendation*

Accordingly, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE